UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

COREY FORD,

                             Plaintiff,

                                             9:12-CV-1109
v.                                        (TJM/TWD)

JOSEPH T. SMITH, NEVILLE ANDREWS,

                             Defendants.

_____

APPEARANCES:                                    OF COUNSEL:

COREY FORD, 95-A-8605
Plaintiff pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12584

HON. ERIC T. SCHNEIDERMAN                KEITH A. MUSE, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**<u>REPORT-RECOMMENDATION and ORDER</u>**

      This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy,

Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Plaintiff Corey Ford claims that Defendants violated his rights under the First and Fourteenth

Amendments and the Religious Land Use and Institutionalized Persons Act by denying him

religious meals associated with the observances of Id-Ul-Fitr and Id-Ul-Adha.  (Dkt. No. 1.)

Currently pending before the Court are Plaintiff's motion for summary judgment (Dkt. No. 33) and Defendants' cross-motion for summary judgment (Dkt. No. 39) pursuant to Federal Rule of Civil Procedure 56.  Because Plaintiff admits that he failed to exhaust his administrative remedies before filing this action and there is no evidence that this failure was justified, I recommend that the Court grant Defendants' motion and deny Plaintiff's motion as moot.

I.  **LEGAL STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT**

Under Federal Rule of Civil Procedure 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists.  *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006).  Only after the moving party has met this burden is the nonmoving party required to produce evidence demonstrating that genuine issues of material fact exist.  *Id*. at 273.  The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 & n.11 (1986).  Rather, a dispute regarding a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  In determining whether a genuine issue of material[1] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League*

---

[1]        A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson*, 477 U.S. at 248.

*Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008).

## II.    ANALYSIS

Defendants argue that this action must be dismissed because Plaintiff failed to exhaust his

administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing

his complaint.  (Dkt. No. 39-4 at 14-17.[2])  Defendants are correct.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under

section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[T]he PLRA's

exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other

wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  In order to properly exhaust administrative

remedies under the PLRA, inmates are required to complete the administrative review process in

accordance with the rules applicable to the particular institution to which they are confined.

*Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  In

New York state prisons, the Department of Corrections and Community Supervision ("DOCCS")

has a well-established three-step inmate grievance program.  N.Y. Comp. Codes R. & Regs. tit.

7, § 701.5 (2013).

Generally, the DOCCS Inmate Grievance Program ("IGP") involves the following

procedure for the filing of grievances.  First, an inmate must file a complaint with the facility's

IGP clerk within twenty-one calendar days of the alleged occurrence.  *Id.* at § 701.5(a) (2010).  A

---

[2]    Citations to page numbers in Defendants' memorandum of law refer to the page numbers in the original document rather than to the page numbers assigned by the Court's electronic filing system.

representative of the facility's inmate grievance resolution committee ("IGRC") has sixteen calendar days from receipt of the grievance to informally resolve the issue. *Id.* at 701.5(b)(1). If there is no such informal resolution, then the full IGRC conducts a hearing within sixteen calendar days of receipt of the grievance (*Id*. at § 701.5(b)(2)), and issues a written decision within two working days of the conclusion of the hearing. *Id.* at § 701.5(b)(3).

Second, a grievant may appeal the IGRC decision to the facility's superintendent within seven calendar days of receipt of the IGRC's written decision. *Id*. at 701.5(c)(1). If the grievance involves an institutional issue (as opposed to a DOCCS-wide policy issue), the superintendent must issue a written decision within twenty calendar days of receipt of the grievant's appeal. *Id*. at § 701.5(c)(3)(ii). Grievances regarding DOCCS-wide policy issues are forwarded directly to the central office review committee ("CORC") for a decision under the process applicable to the  third step. *Id.* at 701.5(c)(3)(I).

Third, a grievant may appeal to CORC within seven working days of receipt of the superintendent's written decision. *Id*. at 701.5(d)(1)(I). CORC is to render a written decision within thirty calendar days of receipt of the appeal. *Id*.  at 701.5(d)(3)(ii).

If a prisoner has failed to properly follow each of the applicable steps prior to commencing litigation, he has failed to exhaust his administrative remedies. *Woodford*, 548 U.S. at 93. Receiving a decision from CORC *after* filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted *before* filing suit, and any such action much be dismissed without prejudice. *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002).

Here, Plaintiff filed his complaint on July 13, 2012. (Dkt. No. 1.)  Plaintiff admits that he

did not receive a decision from CORC until September 5, 2012.  (Dkt. No. 41-2 at 21.)  Thus,

Plaintiff failed to exhaust his administrative remedies.

Plaintiff's failure to exhaust, however, does not end the review.  The Second Circuit has

held that a three-part inquiry is appropriate where a prisoner has failed to exhaust his available

administrative remedies.  *Hemphill v. New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004).[3]  First,

"the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in

fact 'available' to the prisoner."  *Id.* at 686 (citation omitted).   Second, if those remedies were

available:

> the court should . . . inquire as to whether [some or all of] the
> defendants may have forfeited the affirmative defense of non-
> exhaustion by failing to raise or preserve it . . . or whether the
> defendants' own actions inhibiting the [prisoner's] exhaustion of
> remedies may estop one or more of the defendants from raising the
> plaintiff's failure to exhaust as a defense.

*Id.* (citations omitted).  Third, if the remedies were available and some of the defendants did not

forfeit, and were not estopped from raising, the non-exhaustion defense, "the court should

consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's

failure to comply with the administrative procedural requirements."  *Id*. (citations and internal

quotations omitted).

Here, as discussed above, administrative remedies were available to Plaintiff.  Indeed,

Plaintiff admits that he pursued those remedies.  (Dkt. No. 41-2 at 20-21.)  Defendants preserved

the exhaustion defense by pleading it in their answer.  (Dkt. No. 15 ¶ 17; *Jones*, 549 U.S. at 216;

---

[3]      The Second Circuit has not yet decided whether the *Hemphill* rule has survived
the Supreme Court's decision in *Woodford*, 548 U.S. 81.  *Amador v. Andrews*, 655 F.3d 89, 102
(2d Cir. 2011).

*Alster v. Goord*, 745 F. Supp. 2d 317, 332 (S.D.N.Y. 2010).) There is no evidence in the record

that Defendants' own conduct estops them from asserting the exhaustion defense. *Cf. Ziemba v.*

*Wezner*, 366 F.3d 161, 162-64 (2d Cir. 2004) (district court directed to consider whether

defendants were estopped from asserting exhaustion defense where inmate alleged that he was

beaten, threatened, denied grievance forms, and transferred to another prison).

Read broadly, Plaintiff's opposition papers argue that special circumstances justify his

failure to exhaust before filing suit. Specifically, Plaintiff argues that his failure to exhaust was

justified because CORC took six months to respond to his appeal rather than the thirty days

allowed by the regulations. (Dkt. No. 41-2 at 21.) Justification "must be determined by looking

at the circumstances which might understandably lead . . . uncounselled prisoners to fail to grieve

in the normally required way." *Giano v. Goord*, 380 F.3d 670, 678 (2d Cir. 2004). Generally,

the 'special circumstances' doctrine is applied where a prisoner has been threatened with

physical retaliation for exhausting administrative remedies or where the prisoner reasonably

misinterprets the statutory requirements of the appeals process. *Id.* at 676. CORC's failure to act

within the time frame set out in the regulations does not constitute a special circumstance

justifying the failure to exhaust. *See Rodriguez v. Rosner*, No. 9:12-CV-958 (TJM/ATB), 2012

U.S. Dist. LEXIS 186228, 2012 WL 7160117 (N.D.N.Y. Dec. 5, 2012) (dismissing complaint for

failure to exhaust where prisoner filed appeal with CORC on May 4, filed federal civil rights

complaint on June 10, and received CORC response dated September 26).[4] Therefore, I

recommend that the Court find that Plaintiff's failure to exhaust is not excused and dismiss this

---

[4]      The Court will provide Plaintiff with a copy of this unpublished decision in
accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009)
(per curiam).

action without prejudice.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 39) be **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's motion for summary judgment (Dkt. No. 33) be **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of *Rodriguez v. Rosner*, No. 9:12-CV-958 (TJM/ATB), 2012 U.S. Dist. LEXIS 186228, 2012 WL 7160117 (N.D.N.Y. Dec. 5, 2012).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: January 16, 2014
      Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge